IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TWIN MED, LLC )
)
      *Plaintiff*, )
)
vs. )
)     Case No. 4:19-cv-00415-KGB
SKYLINE HEALTHCARE LLC, *et al.*, )
)
    *Defendants.* )
)

**BRIEF IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINITFF'S COMPLAINT**

Now come Defendants Skyline Healthcare, LLC; Pro Procurement Services, LLC; Joseph

Schwartz, Searcy Holdings, LLC d/b/a Searcy Health and Rehab; Lonoke Healthcare Center and

Rehabilitation Facility, LLC d/b/a Grand Prairie Care and Rehabilitation; Highlands of Little

Rock West Markham, LLC d/b/a Highlands of Little Rock at Midtown Therapy and Living

Center; Midtown Therapy and Living Center; Broadway Health Holdings, LLC d/b/a Broadway

Health and Rehabilitation; Laurel Brook Healthcare & Rehabilitation Center, LLC; Highlands of

Little Rock South Cumberland Holdings, LLC d/b/a Highlands of Little Rock at Cumberland

Therapy and Living Center; Highlands of Mountain View SNF Holdings, LLC d/b/a Highlands

of Mountain View Therapy and Living Center; Magnolia Health Holdings, LLC d/b/a Magnolia

Health and Rehab; White Hall Holdings, LLC d/b/a White Hall Health and Rehab; Linrock

Health Care and Rehabilitation Center LLC; Batesville Holdings, LLC d/b/a Batesville Health

and Rehab; Heritage of Hot Springs Holdings, LLC d/b/a Heritage of Hot Springs; Mine Creek

Holdings, LLC d/b/a Mine Creek Health and Rehab; Jonesboro Holdings, LLC d/b/a Jonesboro

Health and Rehab; Highlands of Fort Smith Holdings, LLC d/b/a Highlands of Fort Smith

Therapy and Living Center; Highlands of Stamps Holdings, LLC d/b/a Highlands of Stamps Therapy and Living Center; Highlands of Rogers Dixieland Holdings, LLC d/b/a Highlands of Northwest Arkansas Therapy and Living Center; Creekside Health Holdings, LLC d/b/a Creekside Health and Rehab; Lindley Healthcare and Rehabilitation Center, LLC d/b/a Lindley Healthcare and Rehabilitation Center; and Crown Point Healthcare & Rehabilitation Center, LLC (collectively "Defendants") by and through their undersigned counsel, and for their Brief in Support of Defendants' Motion to Dismiss, states as follows:

## I.   PROCEDURAL HISTORY

On June 13, 2019, Plaintiff Twin Med, LLC ("Plaintiff") initiated this matter through the filing of its *Complaint* (Doc. No. 1) with the Clerk of this Court. In its *Complaint*, Plaintiff seeks damages related to a Medical Supply Agreement through claims of breach of contract, unjust enrichment, and fraud against numerous defendants. Plaintiff later filed a *Notice of Dismissal Pursuant to Rule 41(a)(1)* (Doc. No. 3) relating to its claims against Defendants Stonegate Health & Rehabilitation, LLC; Glenwood Health &R, LLC; and The Waters of North Little Rock, LLC. On July 5, 2019, Defendant Madison Health & Rehab, LLC filed its *Answer to Complaint* (Doc. No. 5) and denied each allegation contained in Plaintiff's *Complaint*.

## II.   ARGUMENT

### A.   Introduction

Pursuant to Rules 8(a), 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants request dismissal of Plaintiff's *Complaint* based upon the following:

> i.   Plaintiff's *Complaint* fails to establish that this Court has subject matter jurisdiction and therefore, its *Complaint* must be dismissed.

ii.   Plaintiff's *Complaint* fails to establish that this Court has personal jurisdiction over Defendants Joseph Schwartz, Pro Procurement Services, LLC, and Skyline Healthcare, LLC and therefore, these Defendants must be dismissed from this matter.

iii.   Plaintiff's *Complaint* fails to state a claim against Defendant Pro Procurement Services, LLC and therefore, it must be dismissed from this matter.

iv.   Plaintiff's *Complaint* fails to plead fraud with particularity, as required by Rule 9(b) of the Civil Rules of Civil Procedure, and therefore Count V must be dismissed.

**B.  Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute". *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Further, it "is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction". *Id*. (internal citations omitted).

In actions brought under the Court's diversity jurisdiction, the citizenship of a limited liability company is defined by the citizenship of its member(s). *See GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004). This is separate and distinct from corporations whose citizenship is based upon place of incorporation and principal place of business. *See id.* But because limited liability companies resemble partnerships and are not incorporated, and since Congress has not provided otherwise, a limited liability company's citizenship is that of its member(s) for diversity jurisdiction purposes. *See id.* at 829 (holding that

since an LLC's citizenship is that of its members for diversity jurisdiction purposes, the court, from the record, could not determine citizenship). It is well established that "[w]hen jurisdiction is based on the diversity of citizenship, the pleadings, to establish diversity, *must set forth with specificity the citizenship of each of the parties.*" *Barclay Square Properties v. Midwest Federal Sav. & Loan Ass'n*, 893 F.2d 968, 969 (8th Cir. 1990) (*emphasis added*). A pleading which fails to specifically allege the citizenship of each party is insufficient to establish diversity jurisdiction. *See id.*

In this matter, Plaintiff alleges that this "Court has jurisdiction over the parties and this cause of action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiff and the Defendants ... ." (Doc. No 1, ¶ 32) However, Plaintiff's *Complaint* fails to specifically allege the citizenship of each and every unincorporated party, including all limited liability companies named in the complaint and itself. (Doc. No 1, ¶¶ 1 - 31) Therefore, Plaintiff has failed to satisfy its burden of establishing diversity jurisdiction and this matter is presumed to be outside of this Court's limited jurisdiction. *See Kokkonen*, 511 U.S. at 377. Accordingly, Defendants request, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and pursuant to Rule 8(a) which requires the complaint to contain "a short and plain statement of the grounds upon which the court's jurisdiction depends," that this Court dismiss Plaintiff's *Complaint* for lack of subject matter jurisdiction.

### C.  Personal Jurisdiction

"In a diversity action, a federal court may assume jurisdiction over nonresident defendants only to the extent permitted by the long-arm statute of the forum state, and by the due process clause of the Fourteenth Amendment." *Burlington Indus. v. Maples Indus.*, 97 F.3d 1100,

1102 (8th Cir. 1996) (citing *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 818 (8th Cir. 1994)). The long-arm statute of Arkansas provides that "courts of this state shall have personal jurisdiction of all persons, and all causes of action or claims for relief, to the maximum extent permitted by the due process of law clause of the Fourteenth Amendment of the United States Constitution." Ark. Code Ann. § 16-4-101. Accordingly, the only issue requiring the Court's review is whether the exercise of personal jurisdiction comports with due process.

"Due process requires 'minimum contacts' between the non-resident defendant and the forum state such that 'maintenance of the suit does not offend traditional norms of fair play and substantial justice.'" *Burlington Indus.*, 97 F.3d at 1102 (citing *World-wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)). In the Eighth Circuit, a determination as to the sufficiency of defendant's contacts is based upon the following five (5) factors, with the first three (3) factors being of primary importance: "(1) the nature and quality of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties." *Id.* (citing *Land-O-Nod Co. v. Bassett Furniture Indus., Inc.*, 708 F.2d 1338, 1340 (8th Cir. 1983). In matters where personal jurisdiction is challenged, it is the burden of the plaintiff to show that personal jurisdiction exists. *See id.* (citing *Gould v. P.T. Krakatau Steel*, 957 F.2d 573, 575 (8th Cir.), *cert. denied*, 506 U.S. 908 (1992)).

With the exception of its conclusory statement that "Mr. Schwartz has sufficient contacts with the state of Arkansas such that he is subject to personal jurisdiction in this Court" (Doc. No. 1, ¶ 4), Plaintiff's *Complaint* is devoid of any allegations that establishes this Court's personal

jurisdiction over Defendants Joseph Schwartz, Pro Procurement Services, LLC, and Skyline Healthcare, LLC.

### i.  Joseph Schwartz

This Court does not have personal jurisdiction over Defendant Joseph Schwartz based upon the following: (i) he is a resident of New York; and (ii) Plaintiff's *Complaint* failed to meet its burden by not providing any allegations which establishes that Defendant Joseph Schwartz has minimum contacts to the state of Arkansas. Accordingly, this Court, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, should dismiss Defendant Joseph Schwartz from this matter.

### ii.  Pro Procurement Services, LLC

This Court does not have personal jurisdiction over Defendant Pro Procurement Services, LLC based upon the following: (i) it is a New Jersey limited liability company; (ii) it is not registered as a foreign limited liability company in the state of Arkansas; (iii) it is not a party to the Agreement upon which this suit is based; and (iv) Plaintiff's *Complaint* failed to meet its burden by not providing any allegations which establishes that Defendant Pro Procurement Services, LLC has minimum contacts to the state of Arkansas. Accordingly, this Court, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, should dismiss Defendant Pro Procurement Services, LLC from this matter.

### iii.  Skyline Healthcare, LLC

This Court does not have personal jurisdiction over Defendant Skyline Healthcare, LLC based upon the following: (i) it is a New Jersey limited liability company; (ii) it is not registered as a foreign limited liability company in the state of Arkansas; and (iii) Plaintiff's *Complaint*

failed to meet its burden by not providing any allegations which establishes that Defendant Skyline Healthcare, LLC has minimum contacts to the state of Arkansas. Accordingly, this Court, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, should dismiss Defendant Skyline Healthcare, LLC from this matter.

### D.  Plaintiff's Complaint Failed to State a Claim Against Defendant Pro Procurement Services, LLC

For a defendant to prevail on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When evaluating whether a plaintiff has stated a claim, a court must determine whether the complaint satisfies Rule 8(a)(2) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a Rule 12(b) motion, the complaint must contain enough factual matter to "raise [the] right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[N]aked assertions devoid of further factual enhancement" will not satisfy Rule 8(a)(2)'s requirement of a short plain statement of the claim showing the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). Furthermore, a "formulaic recitation of the elements of a cause of action will not do." *Id.* Thus, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Twombly*, 550 U.S. at 555.

Furthermore, a mere possibility that the defendant acted in contravention of the law will not suffice. *See id.* While legal conclusions can provide the framework of the complaint, they must be supported by factual allegations. *See Iqbal*, 556 U.S. at 679. A complaint must contain

sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See id.*

Plaintiff's claims against Defendants in this matter are based solely upon the Medical Supply Agreement ("Agreement") (Doc. No. 1, Exhibit B) between Plaintiff and Defendant Skyline Healthcare, LLC. However, Defendant Pro Procurement Services, LLC is not a party to the Agreement nor is it identified as a "Covered Facility" in the Agreement. And while Plaintiff is unclear as to what claims are being made against Defendant Pro Procurement Services, LLC, its *Complaint* provides no allegations against this defendant which would allow this Court to draw a reasonable inference that Defendant Pro Procurement Services, LLC is liable for any of Plaintiff's claims. Based upon Plaintiff's failure to provide any statements showing it is entitled to relief from Defendant Pro Procurement Services, LLC, this Court should dismiss Defendant Pro Procurement Services, LLC from this matter.

### E.  Plaintiff's Complaint Fails to Plead Fraud with Particularity

Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." The Eighth Circuit Court of Appeals provided that "'[c]ircumstances' include such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Bennett v. Berg*, 685 F.2d 1053, 1062 (8th Cir. 1982).

In support of its claim for fraud against Defendant Joseph Schwartz, Plaintiff alleges two (2) separate false representations of material fact (Doc. No. 1, ¶¶ 83 – 84); however, Plaintiff's *Complaint* fails to specifically identify who made these representations of material fact. Instead,

Plaintiff's *Complaint* alleges that Defendant Joseph Schwartz "or his agent", who is not identified, made these false representations of material fact. (Doc. No. 1, ¶¶ 83 – 84) Additionally, Plaintiff's *Complaint* fails to identify the place where these representations were made to Plaintiff. Based upon Plaintiff's failure to plead fraud with particularity, Defendant Joseph Schwartz requests that this Court dismiss Count V of Plaintiff's *Complaint*.

### III.   CONCLUSION

Based upon Plaintiff's failure to adequately establish that this Court has subject matter jurisdiction over this matter, this Court, pursuant to Rules 12(b)(1) and 8(a) of the Federal Rules of Civil Procedure, must dismiss Plaintiff's *Complaint*. Additionally, and based upon Plaintiff's failure to adequately establish that this Court has personal jurisdiction over Defendants Joseph Schwartz, Pro Procurement Services, LLC, and Skyline Healthcare, LLC, this Court, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, must dismiss Defendants Joseph Schwartz, Pro Procurement Services, LLC, and Skyline Healthcare, LLC from this case.

Moreover, and based upon Plaintiff's failure to state a claim against Defendant Pro Procurement Services, LLC, this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, must dismiss Defendant Pro Procurement Services, LLC from this case. Lastly, and based upon Plaintiff's failure to plead fraud with particularity, this Court, pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, must dismiss Count V of Plaintiff's *Complaint*.

Respectfully submitted,

**MCDANIEL RICHARDSON & CALHOUN**
Bart Calhoun, Ark. Bar No. 2011221
1020 West Fourth Street, Suite 410
Little Rock, Arkansas 72201
501-235-8336
bcalhoun@mrcfirm.com
*Local Counsel for Defendants*

**ROBERT J. FEDOR, ESQ., LLC**
Robert J. Fedor (OH #0042653)
*Pro Hac Vice Admission Forthcoming*
23550 Center Ridge Road, Suite 107
Westlake, Ohio 44145
(440) 250-9709
Fax: (440) 250-9714
rjfedor@fedortax.com
*Attorney for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 20th, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System which will send a notification of such filing to:

Richard Donovan
Betsy Baker
ROSE LAW FIRM
120 East Fourth Street
Little Rock, Arkansas 72201-2893
*Attorneys for Plaintiff*

Ronald S. Burnett, Jr.
PARKER HURST & BURNETT, PLC
3000 Browns Lane
Jonesboro, Arkansas 72401
*Attorney for Madison Health & Rehab, LLC*

MCDANIEL RICHARDSON & CALHOUN
Bart Calhoun