# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**TWIN MED, LLC**  PLAINTIFF

VS.  NO. 4:19-cv-00415-KGB

**SKYLINE HEALTHCARE, LLC,** *et. al*  DEFENDANTS

### RESPONSE TO MOTION TO DISMISS

Comes now Plaintiff, Twin Med, LLC ("Twin Med"), and for its Response to Defendants' Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss") and Brief (Doc. 38 and 39), states as follows:

**I.   Response to Motion to Dismiss**

1. Twin Med generally and specifically denies each and every allegation in the Motion to Dismiss, unless specifically admitted herein.

2. Twin Med affirmatively states that if the Court finds that it has not sufficiently plead facts for subject matter and personal jurisdiction, as alleged in the Motion to Dismiss, Twin Med moves the Court to delay ruling on the Motion to Dismiss, grant Twin Med's leave to take expedited jurisdictional discovery and grant leave for Twin Med to amend its Complaint after such discovery is conducted as requested in its separately filed Motion for Leave to Take Expedited Jurisdictional Discovery, to Delay Ruling on Motion to Dismiss and for Leave to file Amended Complaint.

824720

3. Twin Med further states that the Motion should be denied for the reasons set forth below.

   a. **Subject matter jurisdiction**

In the Motion to Dismiss, the Schwartz Defendants[1] argue that the Court does not have subject matter jurisdiction over this matter because Twin Med did not establish that diversity exists between the parties.  Specifically, Defendants argue that the Court does not have subject matter jurisdiction because Plaintiff has not alleged the residency of each of the members of the LLC defendants.

Twin Med's sole member is Twin Med Holding Corporation.  It is Delaware corporation. See Affidavit of Steve Rechnitz.  Notably, there is no allegation in the Motion to Dismiss of any specific residence of any LLC defendant that destroys diversity.  Rather, the Schwartz Defendants simply claim that there is no subject matter jurisdiction because the residencies of the members were not established in the Complaint.

If the Court finds that Twin Med has not made a prima facie showing of subject matter jurisdiction, then Twin Med requests that the Court grant its Motion for Leave to Take Expedited Jurisdictional Discovery, to Delay Ruling on Motion to Dismiss and for Leave to file Amended

---

[1] Defendants Skyline Healthcare, LLC; Pro Procurement Services LLC; Joseph Schwartz; Searcy Holdings, LLC d/b/a Searcy Health and Rehab; Lonoke Healthcare Center and Rehabilitation Facility, LLC d/b/a Grand Prairie Care and Rehabilitation;; Highlands of Little Rock West Markham, LLC d/b/a Highlands of Little Rock at Midtown Therapy and Living Center; Broadway Health Holdings, LLC d/b/a Broadway Health and Rehabilitation; Laurel Brook Healthcare & Rehabilitation Center, LLC; LLC; Highlands of Little Rock South Cumberland Holdings, LLC d/b/a Highlands of Little Rock at Cumberland Therapy and Living Center; Highlands of Mountain View SNF Holdings, LLC d/b/a Highlands of Mountain View Therapy and Living Center; Magnolia Health Holdings, LLC d/b/a Magnolia Health and Rehab; White Hall Holdings, LLC d/b/a White Hall Health and Rehab; Batesville Holdings, LLC d/b/a Batesville Health and Rehab; Heritage of Hot Springs Holdings, LLC d/b/a Heritage of Hot Springs; Mine Creek Holdings, LLC d/b/a Mine Creek Health and Rehab; Jonesboro Holdings, LLC d/b/a Jonesboro Health and Rehab; Highlands of Fort Smith Holdings, LLC d/b/a Highlands of Fort Smith Therapy and Living Center; Highlands of Stamps Holdings, LLC d/b/a Highlands of Stamps Therapy and Living Center; Highlands of Rogers Dixieland Holdings, LLC d/b/a Highlands of Northwest Arkansas Therapy and Living Center; Creekside Health Holdings, LLC d/b/a Creekside Health and Rehab; Lindley HealthCare and Rehabilitation Center, LLC  d/b/a Lindley HealthCare and Rehabilitation Center; and Crown Point HealthCare and Rehabilitation Center, LLC (collectively "Schwartz Defendants")

824720

Complaint ("Motion for Leave"). See Motion for Leave. Only the Schwartz Defendants possess information identifying the members of the various LLCs named as defendants ("Defendant LLCs"). See Affidavit of Steve Rechnitz. This information is not publically available. See Affidavit of Affidavit of Steve Rechnitz. Twin Med has attempted to obtain this information through articles of incorporation from the Secretary of State's office ("SOS's office") but the articles do not list the member names. *See* Affidavit of Steve Rechnitz and Exhibit A to Motion for Leave. While members' names are often listed on franchise tax reports filed by the LLCs, Ark. Code Ann. 26-18-303 (b)(14)(B) requires that the members' names be kept private and prohibits disclosure by the SOS's office. Because Twin Med is unable to obtain information necessary to provide proof, it moves the Court to grant its separate Motion for Leave and delay a ruling on this issue for the reasons set forth in it and in the underlying response.

    b. **Personal jurisdiction**

Defendants argue that the Court does not have personal jurisdiction over Joseph Schwartz, Pro Procurement Services, LLC and Skyline Healthcare, LLC. Defendants are wrong.

In testing the sufficiency of a complaint on a motion to dismiss, "all reasonable inferences from the complaint must be drawn in favor of the non-moving party." *Wilkins v. U.S. Bank*, 514 F.Supp.2d 1120, 1123 (W.D. Ark. 2007). The Arkansas "long arm statute" provides Arkansas courts with personal jurisdiction "of all persons, and all causes of action or claims for relief, to the maximum extent permitted by the due process of law clause of the Fourteenth Amendment of the United States Constitution." Ark. Code Ann. § 16-4-101. In order to satisfy due process, a nonresident must have sufficient minimum contacts with this state and must show that the court's exercise of jurisdiction will not offend notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945).

824720

The nonresident should have done some acts by which he or she purposefully avails himself or herself of the privilege of conducting business in the forum state, and the contacts should be sufficient such that the nonresident can reasonably anticipate being hauled into court in this state. *See Hanson v. Denckla*, 357 U.S. 235 (1958); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980). Arkansas has adopted a five-part test to measure whether a non-resident defendant has minimum contacts with this state: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relation to the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." *Miller v. Nippon Carbon Co.*, 528 F.3d 1087, 1091 (8th Cir. 2008) (internal citations omitted). Arkansas courts apply this five-part test to determine if "traditional notions of fair play and substantial justice" afford an Arkansas court personal jurisdiction over the defendant. *See id*. at 1092. To defeat a motion to dismiss for lack of personal jurisdiction, the non-moving party need only make a prima facie showing of jurisdiction. *See Dakota Indus. v. Dakota Sportswear,* 946, F.2d 1384, 1387 (8th Cir. 1991).

The Court should dismiss the Motion as this Court can properly exercise personal jurisdiction over the parties.

First, as to all Defendants, this Court should find that it has personal jurisdiction, with a view most favorable of the facts alleged in the complaint, as the basis for the Complaint is that the parties, including Joseph Schwartz, Skyline Healthcare, LLC and Pro Procurement Services, LLC purposefully availed themselves of the privilege of doing business in the state by contracting for products to be provided to Arkansas entities in the state of Arkansas for the benefit of Arkansas residents and executing a personal guaranty for payment of same (Schwartz).

*See* Complaint, ¶ 34-41 and Exhibits A and B to same. Arkansas courts recognize that a single contract can provide the basis for the exercise of personal jurisdiction over a non-resident defendant if there is a substantial connection between the contract and the forum state. *See J & V Restaurant Supply & Refrigeration, Inc. v. Supreme Fixture Co.,* 76 Ark. App. 505, 513, 69 S.W.3d 881, 887 (2002) (citing *McGee v. International Life Ins. Co.,* 355 U.S. 220 (1957); *Nelms v. Morgan Portable Bldg. Corp.,* 305 Ark. 284, 808 S.W.2d 314 (1991)); *see also Akin v. First Nat'l Bank,* 25 Ark. App. 341, 347, 758 S.W.2d 14, 17 (1988). This is particularly so when the non-resident defendant has promised to pay for services to be performed in the forum state. *See J & V Restaurant Supply,* 76 Ark. App. at 513, 69 S.W.3d at 887 (citing *Williams Mach. & Fabrication, Inc. v. McKnight Plywood, Inc.,* 64 Ark. App. 287, 983 S.W.2d 453 (1998)).

For example, in *J & V Restaurant Supply,* Arkansas courts had personal jurisdiction over a foreign corporation where it caused services to be performed in Arkansas on its behalf. *See* 76 Ark. App. at 514, 69 S.W.3d at 887-88. In determining that minimum contacts had been established by the foreign corporation, the Arkansas Court of Appeals emphasized that the single contract between the parties caused the foreign corporation to have an on-going course of dealings with the resident plaintiff and that the litigation arose out of that contract. *See id.; see also Hoag v. Sweetwater Int'l,* 857 F. Supp. 1420, 1425 (D. Nev. 1994) (stating that the Nevada Supreme Court has held that were a contract contemplates that the plaintiff will perform substantial services within the forum state at the request of a non-resident defendant, the exercise of personal jurisdiction is justified).

Next, this Court has personal jurisdiction over Separate Defendant Joseph Schwartz because Twin Med has established that Mr. Schwartz has sufficient minimum contacts with Arkansas and the exercise of personal jurisdiction will not violate traditional notions of fair play

824720

and substantial justice. Joseph Schwartz has numerous contacts with Arkansas, including but not limited to the fact that Joseph Schwartz operated numerous entities that ran nursing home operations through the state of Arkansas. He is listed as the Chief Executive Officer of at least sixteen (16) limited liability corporations registered to do business in Arkansas in resignation of registered agent filings with the Arkansas Secretary of State's office. *See* Exhibit 1- Filings

In conjunction with his role in these entities doing business in Arkansas, he has engaged in numerous transactions relating to business in Arkansas.  As an example, Mr. Schwartz signed and executed 1) a secured promissory notes for millions of dollars in loans from Arkansas entity, 2) a personal guaranty, 3) forbearance agreements, and 4) assignment of rents and leases agreement, among numerous other legal documents relating to loans and interests in personal and real property in Arkansas.  *See* Exhibit B to Motion for Leave.

All of these establish continuous and systemic contacts with the state and resulting benefits from those contacts such that Mr. Schwartz could reasonably expect to be hauled into the courts of this state.

### c. <u>Fraud is sufficiently pled</u>

Finally, Defendants ask for dismissal on the basis that fraud has not been plead with particular specificity in the Complaint.  This is incorrect.  Pleading under Rule 9(b) is sufficient if it gives fair notice of the claims asserted and the basic transactions upon which the claims are based. *Gilmer v. Buena Vista Home Video, Inc.*, 939 F. Supp. 665, 672 (W.D. Ark. 1996)

A fraud complaint can survive if five elements are established: (1) a false representation of a material fact; (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance on the representation; and (5) damage

824720

suffered as a result of the reliance. *Ultracuts Ltd. v. Wal-Mart Stores, Inc.*, 343 Ark. 224, 234, 33 S.W.3d 128, 135 (2000).

Twin Med has plead sufficient facts to satisfy these elements and give fair notice of the claims asserted.  It plead the who-Joseph Schwartz- and the what-substances of the multiple specific false misrepresentations made by Mr. Schwartz- in paragraphs 83 and 84 of the Complaint.  It specifically plead that he knew these were false and that he intended to induce Twin Med.  These misrepresentations were made during the negotiations for the Agreement, the date of which is identified in Paragraph 35 of the Complaint. Finally, Twin Med has alleged and plead damages in excess of $5 million in Paragraph 86 due to its inability to be paid for goods provided due to the misrepresentations.  Rule 9 requires nothing more than this.

WHEREFORE, Plaintiff Twin Med, LLC prays that the Separate Defendants' Motion to Dismiss be denied and for all other relief to which it is entitled.

        Respectfully submitted,

        Rose Law Firm,
        a Professional Association
        120 East Fourth Street
        Little Rock, Arkansas 72201-2893
        (501) 375-9131 (Telephone)
        (501) 375-1309 (Facsimile)
        rdonovan@roselawfirm.com
        bbaker@roselawfirm.com

By:   *Betsy Baker*
      Richard T. Donovan
      Arkansas Bar No. 83054
      Betsy Baker
      Arkansas Bar No. 2010128

824720

**CERTIFICATE OF SERVICE**

  I, Betsy Baker, hereby certify that on September 12, 2019, I electronically filed the foregoing **Response to Motion to Dismiss** with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Bart Calhoun
McDaniel Richardson & Calhoun
1020 West Fourth Street, Suite 410
Little Rock, Arkansas 72201

Robert J. Fedor, Esq., LLC
Robert J. Fedor
23550 Center Ridge Road, Suite 107
Westlake, Ohio 44145

              *Betsy Baker*
              Betsy Baker

824720