IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| TWIN MED, LLC </br></br> *Plaintiff*, </br></br> vs. </br></br> SKYLINE HEALTHCARE LLC, *et al.*, </br></br> *Defendants*. | ) </br> ) </br> ) </br> ) </br> ) </br> ) Case No. 4:19-cv-00415-KGB </br> ) </br> ) </br> ) </br> ) |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Now come Defendants Skyline Healthcare, LLC; Joseph Schwartz, Searcy Holdings, LLC d/b/a Searcy Health and Rehab; Lonoke Healthcare Center and Rehabilitation Facility, LLC d/b/a Grand Prairie Care and Rehabilitation; Highlands of Little Rock West Markham, LLC d/b/a Highlands of Little Rock at Midtown Therapy and Living Center; Midtown Therapy and Living Center; Broadway Health Holdings, LLC d/b/a Broadway Health and Rehabilitation; Laurel Brook Healthcare & Rehabilitation Center, LLC; Highlands of Little Rock South Cumberland Holdings, LLC d/b/a Highlands of Little Rock at Cumberland Therapy and Living Center; Highlands of Mountain View SNF Holdings, LLC d/b/a Highlands of Mountain View Therapy and Living Center; Magnolia Health Holdings, LLC d/b/a Magnolia Health and Rehab; White Hall Holdings, LLC d/b/a White Hall Health and Rehab; Linrock Health Care and Rehabilitation Center LLC; Batesville Holdings, LLC d/b/a Batesville Health and Rehab; Heritage of Hot Springs Holdings, LLC d/b/a Heritage of Hot Springs; Mine Creek Holdings, LLC d/b/a Mine Creek Health and Rehab; Jonesboro Holdings, LLC d/b/a Jonesboro Health and Rehab; Highlands of Fort Smith Holdings, LLC d/b/a Highlands of Fort Smith Therapy and Living

Center; Highlands of Stamps Holdings, LLC d/b/a Highlands of Stamps Therapy and Living Center; Highlands of Rogers Dixieland Holdings, LLC d/b/a Highlands of Northwest Arkansas Therapy and Living Center; Creekside Health Holdings, LLC d/b/a Creekside Health and Rehab; Lindley Healthcare and Rehabilitation Center, LLC d/b/a Lindley Healthcare and Rehabilitation Center; and Crown Point Healthcare & Rehabilitation Center, LLC (collectively "Defendants") by and through their undersigned counsel, and for their Brief in Support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, states as follows:

## I. PROCEDURAL HISTORY

On June 13, 2019, Plaintiff Twin Med, LLC ("Plaintiff") initiated this matter through the filing of its *Complaint* (Doc. No. 1) with the Clerk of this Court. In its *Complaint*, Plaintiff seeks damages related to a Medical Supply Agreement through claims of breach of contract, unjust enrichment, and fraud against numerous defendants. Plaintiff later filed a *Notice of Dismissal Pursuant to Rule 41(a)(1)* (Doc. No. 3) relating to its claims against Defendants Stonegate Health & Rehabilitation, LLC; Glenwood Health & Rehabilitation, LLC; and The Waters of North Little Rock, LLC. On July 5, 2019, Defendant Madison Health & Rehab, LLC filed its *Answer to Complaint* (Doc. No. 5) and denied each allegation contained in Plaintiff's *Complaint*.

On August 20, 2019, *Defendants' Motion to Dismiss Plaintiff's Complaint* (Doc. No. 38) was filed and asserted that Plaintiff's *Complaint* failed to sufficiently state allegations to establish subject matter jurisdiction and personal jurisdiction. The motion also argued that Plaintiff's Complaint failed to plead fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure. In response to Defendants' motion, Plaintiff requested that the Court grant it leave to take jurisdictional discovery for the purpose of establishing subject matter jurisdiction and personal jurisdiction, and also grant it leave to file an amended complaint. On

March 19, 2020, the Court granted Plaintiff's request to conduct limited jurisdictional discovery and directed it to refile its motion for leave to amend its complaint within 120 days of the Court's Order.

Plaintiff filed its *Motion for Leave to File an Amended Complaint* (Doc. No. 69) which was subsequently granted on December 14, 2020. On that same date, Plaintiff's *First Amended Complaint* (Doc. No. 71) was filed with the Court. Defendant Madison Health & Rehab, LLC filed its *Answer to First Amended Complaint* (Doc. No. 74) on December 23, 2020.

## II. ARGUMENT

### A. INTRODUCTION

Pursuant to Rules 8(a), 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants request dismissal of Plaintiff's *Complaint* based upon the following:

i. Plaintiff's *First Amended Complaint* fails to establish that this Court has subject matter jurisdiction and therefore, its *First Amended Complaint* must be dismissed.

ii. Plaintiff's *First Amended Complaint* fails to establish that this Court has personal jurisdiction over Defendants Joseph Schwartz and Skyline Healthcare, LLC and therefore, these Defendants must be dismissed from this matter.

iii. Plaintiff's *First Amended Complaint* fails to plead fraud with particularity, as required by Rule 9(b) of the Civil Rules of Civil Procedure, and therefore Count VI must be dismissed.

### B. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute". *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Further, it "is to be presumed that a cause lies outside this

limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction". *Id*. (internal citations omitted).

In actions brought under the Court's diversity jurisdiction, the citizenship of a limited liability company is defined by the citizenship of its member(s). *See GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004). This is separate and distinct from corporations whose citizenship is based upon place of incorporation and principal place of business. *See id.* But because limited liability companies resemble partnerships and are not incorporated, and since Congress has not provided otherwise, a limited liability company's citizenship is that of its member(s) for diversity jurisdiction purposes. *See id.* at 829 (holding that since an LLC's citizenship is that of its members for diversity jurisdiction purposes, the court, from the record, could not determine citizenship). It is well established that "[w]hen jurisdiction is based on the diversity of citizenship, the pleadings, to establish diversity, *must set forth with specificity the **citizenship** of each of the parties*." *Barclay Square Properties v. Midwest Federal Sav. & Loan Ass'n*, 893 F.2d 968, 969 (8th Cir. 1990) (*emphasis added*). A pleading which fails to specifically allege the citizenship of each party is insufficient to establish diversity jurisdiction. *See id*. Furthermore, the Eighth Circuit Court of Appeals has "long held that 'resident' does not mean 'citizen' in 28 U.S.C. § 1332(a)." *Hargett v. RevClaims, LLC*, 854 F.3d 962, 964 (8th Cir. 2017); *see also*, *Reece v. Bank of N.Y. Mellon,* 760 F.3d 771, 777 (stating that "[w]hen it comes to diversity jurisdiction, the words 'resident' and 'citizen' are not interchangeable").

In this matter, Plaintiff alleges that this "Court has jurisdiction over the parties and this cause of action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiff and the Defendants . . . ." (Doc. No 71, ¶ 29) However, Plaintiff's *First*

*Amended Complaint* fails to specifically allege the **citizenship** of any unincorporated party, including all limited liability companies named in the complaint and itself. (Doc. No 71, ¶¶ 1 - 28) Instead, Plaintiff's *First Amended Complaint* alleges the "residency" of each and every party. (Doc. No. 71, ¶¶ 1 - 28).

Therefore, Plaintiff has again failed to satisfy its burden of establishing diversity jurisdiction and this matter is presumed to be outside of this Court's limited jurisdiction. *See Kokkonen*, 511 U.S. at 377. Accordingly, Defendants request, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and pursuant to Rule 8(a) which requires the complaint to contain "a short and plain statement of the grounds upon which the court's jurisdiction depends," that this Court dismiss Plaintiff's *First Amended Complaint* for lack of subject matter jurisdiction.

### C. Personal Jurisdiction

"In a diversity action, a federal court may assume jurisdiction over nonresident defendants only to the extent permitted by the long-arm statute of the forum state, and by the due process clause of the Fourteenth Amendment." *Burlington Indus. v. Maples Indus.*, 97 F.3d 1100, 1102 (8th Cir. 1996) (citing *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 818 (8th Cir. 1994)). The long-arm statute of Arkansas provides that "courts of this state shall have personal jurisdiction of all persons, and all causes of action or claims for relief, to the maximum extent permitted by the due process of law clause of the Fourteenth Amendment of the United States Constitution." Ark. Code Ann. § 16-4-101. Accordingly, the only issue requiring the Court's review is whether the exercise of personal jurisdiction comports with due process.

"Due process requires 'minimum contacts' between the non-resident defendant and the forum state such that 'maintenance of the suit does not offend traditional norms of fair play and

substantial justice.'" *Burlington Indus.,* 97 F.3d at 1102 (citing *World-wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)). In the Eighth Circuit, a determination as to the sufficiency of defendant's contacts is based upon the following five (5) factors, with the first three (3) factors being of primary importance: "(1) the nature and quality of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties." *Id.* (citing *Land-O-Nod Co. v. Bassett Furniture Indus., Inc*., 708 F.2d 1338, 1340 (8th Cir. 1983). In matters where personal jurisdiction is challenged, it is the burden of the plaintiff to show that personal jurisdiction exists. *See id*. (citing *Gould v. P.T. Krakatau Steel*, 957 F.2d 573, 575 (8th Cir.), *cert. denied*, 506 U.S. 908 (1992)).

### i. Joseph Schwartz

This Court does not have personal jurisdiction over Defendant Joseph Schwartz based upon the following: (i) he is a resident of New York; and (ii) Plaintiff's *First Amended Complaint* fails to meet its burden by not asserting any allegations which establish that Defendant Joseph Schwartz, in his personal capacity, has minimum contacts with the State of Arkansas. Further, Plaintiff is wrongly attempting to litigate a dispute between a New York individual and a Delaware limited liability company in Arkansas. Accordingly, this Court, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, should dismiss Defendant Joseph Schwartz from this matter.

### ii. Skyline Healthcare, LLC

This Court does not have personal jurisdiction over Defendant Skyline Healthcare, LLC based upon the following: (i) it is a New Jersey limited liability company; (ii) it is not registered as a foreign limited liability company in the State of Arkansas; and (iii) Plaintiff's *First Amended*

*Complaint* fails to meet its burden by not providing any allegations which establish that Defendant Skyline Healthcare, LLC has minimum contacts with the State of Arkansas. Further, Plaintiff is wrongly attempting to litigate a dispute between a New Jersey limited liability company and a Delaware limited liability company in Arkansas. Accordingly, this Court, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, should dismiss Defendant Skyline Healthcare, LLC from this matter.

### D.  Plaintiff's Complaint Fails to Plead Fraud with Particularity

Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." The Eighth Circuit Court of Appeals provided that "'[c]ircumstances' include such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Bennett v. Berg*, 685 F.2d 1053, 1062 (8th Cir. 1982).

In support of its claim for fraud against Defendant Joseph Schwartz, Plaintiff alleges two (2) separate false representations of material fact (Doc. No. 71, ¶¶ 80 – 81); however, Plaintiff's *First Amended Complaint* fails to specifically identify who made these representations of material fact. Instead, Plaintiff's *First Amended Complaint* alleges that Defendant Joseph Schwartz "or his agent", who is not identified, made these false representations of material fact. (Doc. No. 71, ¶¶ 80 – 81) Additionally, Plaintiff's *First Amended Complaint* fails to identify the place where these representations were made to Plaintiff. Based upon Plaintiff's failure to plead fraud with particularity, Defendant Joseph Schwartz requests that this Court dismiss Count VI of Plaintiff's *First Amended Complaint*.

### III. CONCLUSION

Based upon Plaintiff's failure to establish that this Court has subject matter jurisdiction over this action, this Court, pursuant to Rules 12(b)(1) and 8(a) of the Federal Rules of Civil Procedure, must dismiss Plaintiff's *Complaint*. Additionally, and based upon Plaintiff's failure to establish that this Court has personal jurisdiction over Defendants Joseph Schwartz and Skyline Healthcare, LLC, this Court, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, must dismiss Defendants Joseph Schwartz and Skyline Healthcare, LLC from this case. Lastly, and based upon Plaintiff's failure to plead fraud with particularity, this Court, pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, must dismiss Count VI of Plaintiff's *First Amended Complaint*.

Respectfully submitted,

**ROBERT J. FEDOR, ESQ., LLC**
Robert J. Fedor (OH #0042653)
*Admitted Pro Hac Vice*
23550 Center Ridge Road, Suite 107
Westlake, Ohio 44145
(440) 250-9709
Fax: (440) 250-9714
rjfedor@fedortax.com
*Attorney for Defendants*

**MCDANIEL RICHARDSON & CALHOUN**
Bart Calhoun
1020 West Fourth Street, Suite 410
Little Rock, Arkansas 72201
*Local Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System which will send a notification of such filing to:

Richard Donovan
Betsy Baker
ROSE LAW FIRM
120 East Fourth Street
Little Rock, Arkansas 72201-2893
*Attorneys for Plaintiff*

Ronald S. Burnett, Jr.
PARKER HURST & BURNETT, PLC
3000 Browns Lane
Jonesboro, Arkansas 72401
*Attorney for Madison Health & Rehab, LLC*

I further certify that Defendant Pro Procurement Services, LLC was served, via U.S. Mail, on January 4, 2020 at the following:

Pro Procurement Services, LLC
1 Lawrence Street
Spring Valley, New York 10977

Pro Procurement Services, LLC
c/o Registered Agent Rabin Gold
40 Vreeland Avenue, Suite 104
Totowa, New Jersey 07512

ROBERT J. FEDOR, ESQ., LLC
Robert J. Fedor