IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TWIN MED, LLC**                                                                                     **PLAINTIFF**

V.                                            **4:19CV415 JM**

**SKYLINE HEALTHCARE, LLC, et al,**                                              **DEFENDANTS**

## ORDER

Pending is the motion to dismiss filed by all Defendants. The motion has been filed multiple times and the Plaintiff has been granted leave to amend. The Court has considered the pending motion to dismiss as well as the previous motions and Plaintiff's responses.

I.   Background

Twin Med LLC is a supplier of disposable medical supplies. In 2017, Twin Med entered into a Medical Supply Agreement with Skyline Healthcare, on behalf of its nursing home and rehabilitation centers (the "Agreement"). According to the Second Amended Complaint (the "Complaint"), the Agreement provided for Twin Med to be the exclusive provider of disposable medical supplies to Skyline and its Covered Entities.[1] Defendant Joseph Schwartz, the sole

---

[1] Skyline's Covered Entities include Defendants Searcy Holdings, LLC D/B/A Searcy Health and Rehab; Lonoke Healthcare Center and Rehabilitation Facility, LLC D/B/A Grand Prairie Care and Rehabilitation; Spring Place Healthcare & Rehabilitation Center, LLC; Highlands of Little Rock West Markham, LLC D/B/A Highlands of Little Rock at Midtown Therapy and Living Center; Broadway Health Holdings, LLC D/B/A Broadway Health and Rehabilitation and D/B/A Broadway Holdings, LLC; Laurel Brook Healthcare & Rehabilitation Center, LLC; Dierks Healthcare & Rehabilitation Center, LLC; Highlands of Little Rock South Cumberland Holdings, LLC D/B/A Highlands of Little Rock at Cumberland Therapy and Living Center; Highlands of Mountain View SNF Holdings, LLC D/B/A Highlands of Mountain View Therapy and Living Center; Magnolia Health Holdings, LLC D/B/A Magnolia Health and Rehab and D/B/A Magnolia Holdings, LLC; White Hall Holdings, LLC D/B/A White Hall Health and Rehab; LinRock Health Care & Rehabilitation Center, LLC; Batesville Holdings, LLC D/B/A Batesville Health and Rehab; Heritage of Hot Springs Holdings, LLC D/B/A Heritage of Hot Springs and D/B/A Hot Springs Holdings, LLC; Mine Creek Holdings, LLC D/B/A Mine Creek Health and Rehab; Jonesboro Holdings, LLC D/B/A Jonesboro Health and Rehab; Madison Health & Rehab, LLC; Highlands of Fort Smith Holdings, LLC D/B/A Highlands of Fort Smith Therapy and Living Center; Highlands of Stamps Holdings, LLC D/B/A Highlands of Stamps Therapy and Living Center; Highlands of Stamps, LLC D/B/A Highlands of Stamps Therapy and Living Center; Highlands of Rogers Dixieland Holdings, LLC D/B/A Highlands of Northwest Arkansas Therapy and Living Center; Creekside Health Holdings, LLCD/B/A Creekside Health and Rehab and

member of Skyline Healthcare, personally guaranteed all debts owed to Twin Med pursuant to the Agreement. Twin Med alleges that the Defendants breached the Agreement by failing to pay for the goods provided and by purchasing medical supplies from other suppliers.

Twin Med alleges that Schwartz owned an insurance company that sold commercial lines of insurance to nursing homes and assisted living facilities. Two years before entering into the Agreement with Twin Med, Schwartz sold the insurance company and began rapidly purchasing nursing homes throughout the United States. Schwartz's venture ultimately failed. Twin Med, like many other vendors, went unpaid when Schwartz's enterprise fell apart. Twin Med claims that the entities owned by Schwartz (the "Entity Defendants"), most of which were LLCs, were nothing more than alter egos of Schwartz. Twin Med alleges that the Entity Defendants were used by Schwartz as an incentive for the sale of his insurance business and to drain the operating companies of capital and misappropriate funds for his personal enrichment.

Twin Med filed suit against Schwartz for breach of his personal guarantee, piercing the corporate veil, and fraud, and breach of contract against all Defendants. In the alternative, Twin Med seeks an account stated and unjust enrichment from all Defendants. The Court has diversity jurisdiction over the case because the parties are diverse and the amount in controversy exceeds $75,000. Defendants contend that the Court lacks personal jurisdiction over Schwartz and Skyline Healthcare, that Twin Med's tort claims are barred by the economic loss doctrine, and that the Complaint fails to plead fraud with particularity.

---

D/B/A Creekside Holdings, LLC; Lindley Healthcare and Rehabilitation Center, LLC D/B/A Lindley Healthcare and Rehabilitation Center; and Crown Point Healthcare & Rehabilitation Center, LLC (the "Entity Defendants"). (ECF No. 116-2 at p. 5).

2

II.      <u>Personal Jurisdiction</u>

Rule 12(b)(2) provides an avenue for dismissal where a federal court does not have personal jurisdiction over a defendant. When personal jurisdiction is challenged or controverted in federal court, a plaintiff has the burden to show jurisdiction exists. *See Denver v. Hentzen Coatings, Inc*., 380 F.3d 1070, 1072–73 (8th Cir. 2004) (internal citation omitted). Specifically, a plaintiff must make a prima facie showing that personal jurisdiction exists, which requires creating "a reasonable inference that the defendant can be subjected to jurisdiction within the state*." K-V Pharm. Co. v. J. Uriach & CIA, S.A*., 648 F.3d 588, 592 (8th Cir. 2011). Although "[t]he evidentiary showing required at the prima facie stage is minimal, the "showing must be tested, not by the pleadings alone, but by the affidavits and exhibits" supporting or opposing the motion. *Id.* (internal citations omitted). The district court must view the evidence in the light most favorable to the plaintiff and resolve all factual conflicts in its favor in deciding whether the plaintiff made the requisite showing.

"Because Arkansas's long-arm statute is coextensive with constitutional limits, this Court must determine only if the exercise of personal jurisdiction over [the defendant] would offend due process." *Laymance v. Shourd*, 2019 WL 2078986, at *1 (E.D. Ark. Mar. 21, 2019) (citing *Johnson v. Woodcock*, 444 F.3d 953, 955 (8th Cir. 2006)). Due process requires a defendant to have such minimum contacts with the forum state that the maintenance of a suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). A defendant must "reasonably anticipate being haled into court" in the forum state, and maintenance of the lawsuit there must "not offend traditional notions of fair play and substantial justice." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

Arkansas has adopted a five-part test to measure whether a non-resident defendant has

3

minimum contacts with the State: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relation to the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." *Miller v. Nippon Carbon Co.*, 528 F.3d 1087, 1091 (8th Cir. 2008). To defeat a motion to dismiss based upon lack of personal jurisdiction, a plaintiff must need only make a prima facie showing of jurisdiction. *See Dakota Indus. V. Dakota Sportswear*, 946 F.2d 1384, 1387 (8th Cir. 1991).

The Court finds that Twin Med has made a prima facie showing that personal jurisdiction exists over Skyline Healthcare and Schwartz. Both Skyline and Schwartz contracted with Twin Med for products to be provided to Arkansas nursing homes and rehabilitations centers for the benefit of the Arkansans who reside there. Schwartz executed a guarantee of the Agreement. Schwartz owns or operates in some capacity sixteen limited liability corporations which were registered to do business in Arkansas. These entities operated the Arkansas nursing homes named as Defendants in this case. Moreover, there is no doubt that Schwartz reasonably anticipates being haled into court in Arkansas because he is, or has been, a party to many lawsuits in the State. *See e.g., Green v. Skyline Highland Holdings LLC*, Case No. 4:17CV534-BSM  (E.D. Ark. filed Aug. 23, 2017) (judgment entered for Schwartz on June 12, 2018); *Rack v. Schwartz,* Case No. 4:20CV00135-BRW (E.D. Ark. filed Feb. 7, 2010) (Schwartz served but failed to appear, default judgment entered); *JS Arkansas Five Healthcare, LLC, et al, v. Gilbreath,* 609 S.W. 3d 445 (Ark. App. 2020) (Schwartz was appellant); *Cole v. Schwartz*, Case No. CV-20-518 (Ark. App. Div. IV filed Jan. 25, 2019) (Schwartz served but failed to appear, default judgment entered); *Schwartz, et al, v. Gubin, et al*, Case No. 60CV20-4819 (Pulaski County Ark. Cir. Court, Div. VI filed August 31, 2020) (on-going): *Taylor v. Broadway Health*

*Holdings, et al,* Case No. 18CV-20-331 (Crittenden Cty. Ark. Cir. Ct. filed July 1, 2020) (Schwartz served, case is on-going).

    III.    <u>Economic Loss Doctrine</u>

Defendants contend that Twin Med's tort claims are barred by the economic loss doctrine. "The [economic loss] rule generally bars torts claims based on contract breaches, 'thereby limiting contracting parties to contract damages.'" *UMG Recordings, Inc. v. Global Eagle Entm't Inc*., 117 F. Supp. 3d 1092, 1103 (C.D. Cal. 2015) (citing *Mort. Indem. Co. v. Countrywide Fin'l Corp*., 660 F. Supp. 2d 1163, 1180 (C.D. Cal. 2009)). However, Arkansas does not recognize the economic loss doctrine. *In re genetically Modified Rice Litig.,* 2009 WL 4801399, at *2 (E.D. Mo. Dec. 9, 2009), adhered to on reconsideration sub nom. *In re Genetically Modified Rice Litig*., 2011 WL 5024548 (E.D. Mo. Oct. 21, 2011) (citing *Farm Bureau Ins. Co. v. Case Corp*., 317 Ark. 467, 878 S.W.2d 741, 743–744 (Ark. 1994)).

    IV.    <u>Fraud</u>

Alternatively, Defendants claim that Twin Med's Complaint fails to plead fraud with particularity as required by Rule 9(b). The particularity required by Rule 9(b) "demands a higher degree of notice than that required for other claims. The claim must identify who, what, where, when, and how." *United States ex rel. Costner v. United States*, 317 F.3d 883, 888 (8th Cir. 2003) (citing *Parnes v. Gateway 2000, Inc*., 122 F.3d 539, 550 (8th Cir. 1997)). "Rule 9(b) is to be read in the context of the general principles of the Federal Rules, the purpose of which is to simplify pleading. Thus, the particularity required by Rule 9(b) is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations." *Id.* (citing *Abels v. Farmers Commodities Corp*., 259 F.3d 910, 920–21 (8th Cir. 2001)). The Court finds

that Twin Med's Complaint sufficiently states the who, what, where, when and how of the alleged fraudulent activity.

V.      Conclusion

The Motion to Dismiss (ECF No. 121) is DENIED. Defendants have until February 12, 2022 to respond to Twin Med's Motion for Summary Judgment. All pending Motions to Compel (ECF Nos. 75, 83, 86) are MOOT. The Court expects all parties to respond to discovery requests expeditiously. The Motion to Stay or in the alternative for Protective Order (ECF No. 80) is DENIED.

IT IS SO ORDERED this 12th day of January, 2022.

_____
James M. Moody Jr.
United States District Judge