IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TWIN MED, LLC                                                                                               PLAINTIFF

V.                                        4:19CV00415 JM

SKYLINE HEALTHCARE LLC, et al,                                                        DEFENDANTS

## ORDER

The Court has reviewed the Defendants' Motion for Stay of Civil Proceedings, Plaintiff's response, and Defendants' reply. For the reasons stated below, the motion is denied.

Defendants have informed the Court that Defendant Joseph Schwartz has criminal cases pending in Arkansas state court and in New Jersey federal district court. The criminal matters center around allegations that Schwartz failed to turn over payroll taxes withheld on behalf of employees from July 1, 2017 through March 30, 2018. This civil proceeding involves Defendants' failure to pay for products purchased from Plaintiff Twin Med pursuant to a Medical Supply Agreement executed around November 1, 2017. The term of the Agreement was three (3) years. Schwartz states that, upon advice from counsel, he will need to invoke his Fifth Amendment privilege at this time and will do so until a resolution of the criminal matters are reached. (ECF No. 139 at p. 2). The trial date for the civil matter is less than three months away.

The Fifth Amendment ordinarily does not mandate a stay of civil proceedings when related criminal proceedings are pending. *Koester v. Am. Republic Invs., Inc*., 11 F.3d 818, 823 (8th Cir. 1993). However, courts may choose to stay a civil proceeding "pending the completion of parallel criminal prosecutions when the interests of justice seem[ ] to require such action." *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970). "[T]he strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the

same matter. Under such circumstances, denying a stay might undermine a defendant's Fifth Amendment privilege against self-incrimination." *Kozlov v. Associated Wholesale Grocers, Inc.*, No. 4:10-cv-03211, 2011 WL 3320972, at *2 (D. Neb. Aug. 2, 2011) (internal quotation marks omitted) (internal citation omitted). "However, a civil defendant cannot hide behind a blanket invocation of the Fifth Amendment privilege. Therefore, to warrant a stay, defendant must make a strong showing either that the two proceedings are so interrelated that he cannot protect himself at the civil trial by selectively invoking his Fifth Amendment privilege, or that the two trials will so overlap that effective defense of both is impossible." *Koester*, 11 F.3d at 823 (internal citations omitted).

Schwartz claims that the criminal charges against him for failure to pay over employment taxes is directly related to the same time period in which Plaintiff has alleged that the Defendants failed to pay its invoices. Defendants contend that they cannot defend themselves in the civil case because "any showing of payments against Plaintiff's invoices during the above time period could be used against Defendant Schwartz in his criminal matter." (ECF No. 144 at p.3).

First, the Court finds that Defendants have failed to show that a stay of the Court's consideration of the fully briefed motion for summary judgment is warranted. There is no basis to stay the Court's ruling on the motion because the evidence provided by the parties has been filed of record. Any Fifth Amendment privilege to that evidence has been waived. *See Rogers v. United States*, 340 U.S. 367, 371 (1951) ("The privilege is deemed waived unless invoked. . . Disclosure of a fact waives the privilege as to details.").

Defendants have also failed to make a strong showing that the criminal proceedings against him and the civil case are so interrelated that he cannot protect himself from self-incrimination by selectively invoking his privilege. Schwartz argues that he is the "sole corporate

representative of Entity Defendants. . . ." (ECF No. 139 at p. 4). The privilege against self-incrimination is a purely personal one, it cannot be utilized by or on behalf of any organization.

> [I]ndividuals, when acting as representatives of a collective group, cannot be said to be exercising their personal rights and duties nor to be entitled to their purely personal privileges. Rather they assume the rights, duties and privileges of the artificial entity or association of which they are agents or officers and they are bound by its obligations. In their official capacity, therefore, they have no privilege against self-incrimination. And the official records and documents of the organization that are held by them in a representative rather than in a personal capacity cannot be the subject of the personal privilege against self-incrimination, even though production of the papers might tend to incriminate them personally. Such records and papers are not the private records of the individual members or officers of the organization. Usually, if not always, they are open to inspection by the members and this right may be enforced on appropriate. They therefore embody no element of personal privacy and carry with them no claim of personal privilege.

*United States v. White*, 322 U.S. 694, 699-700 (1944) (internal citations omitted). Schwartz does not have a Fifth Amendment privilege when he is acting as a representative of the Entity Defendants. He cannot invoke the privilege in relation to Entity Defendants' records. Entity Defendants may decide to substitute another individual as their representative. If not, the Court will need to determine, on a question-by-question basis whether Schwartz is entitled to invoke his Fifth Amendment privilege.

Moreover, the Court has considered the five factors set forth in *Keating v. Office of Thrift Supervision*, 45 F.3d 322 (9th Cir. 1995), including:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay;
> (2) the burden which any particular aspect of the proceedings may impose on defendants;
> (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources;
> (4) the interests of persons not parties to the civil litigation; and
> (5) the interest of the public in the pending civil and criminal litigation.

*Id.* at 325. The initial Complaint in this case was filed on June 13, 2019. Plaintiff alleges that the Defendants owe more than five million dollars for products provided to Defendants beginning as

early as 2017. Mr. Schwartz's criminal proceedings, some of which have not even begun, may not be resolved for several years. An extensive delay is particularly problematic here because the case has pending for nearly three years. "[W]itnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication or redress for indefinite periods of time." Fid. Nat. Title Ins. Co. of New York v. Nat'l Title Res. Corp., 980 F. Supp. 1022, 1024 (D. Minn. 1997) (internal quotations omitted). Further, the probability that Plaintiff will be able to recover damages from Schwartz after he has paid years of criminal defense fees is minimal.

Schwartz contends that proceeding with parallel civil and criminal matters will burden him. While the court is convinced of the risk that Schwartz will be called upon to consider whether to invoke his Fifth Amendment right, "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Keating*, 45 F.3d at 326 (citing *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976)). Both parties agree that there are no non-party interests to consider. The Court is not persuaded that the public's interest in the criminal case against Schwartz is more important than the interest in this civil case. Finally, the Court has an obligation pursuant to Federal Rule of Civil Procedure 1 to insure the "just, speedy and inexpensive determination" of this matter and "a strong interest in keeping litigation moving to conclusion without *unnecessary* delay." *Ruszczyk as Tr. for Ruszczyk v. Noor*, 349 F. Supp. 3d 754, 764 (D. Minn. 2018) (emphasis in original). After considering the *Keating* factors, the Court finds that the balance weighs in favor of denial of the motion to stay.

While the Court finds that Plaintiff is entitled to proceed with this case and Schwartz has no absolute right to be free from having to choose between testifying in this civil case or invoking his Fifth Amendment privilege, the Court is mindful of his risk and will seriously

consider any motion to seal portions of Schwartz's deposition or trial testimony relating to the criminal charges against him.

Defendants' motion to stay (ECF No. 138) is DENIED. Plaintiff's motion to compel Mr. Schwartz's deposition (ECF No. 142) is GRANTED in part and DENIED in part. The discovery deadline is extended for the sole purpose of allowing Plaintiff to depose Mr. Schwartz either in person or by written questions. Plaintiff's request for sanctions is denied.

IT IS SO ORDERED this 18th day of March, 2022.

_____
James M. Moody Jr.
United States District Judge