IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TWIN MED, LLC**                                                                                          **PLAINTIFF**

V.                                              **4:19CV415 JM**

**SKYLINE HEALTHCARE, LLC, et al,**                                              **DEFENDANTS**

## ORDER

Pending is the motion for summary judgment filed by Plaintiff Twin Med, LLC. The motion has been fully briefed. For the reasons stated below, the motion is granted.

I.   Background

Plaintiff is a supplier of disposable medical supplies. Defendants admit that Plaintiff began supplying Defendants with medical supplies in or about late 2016 or early 2017 and that they agreed to pay those invoices. (Answer, ECF 132 at ¶ 31). On or around November 1, 2017, the parties entered into the Medical Supply Agreement in which Plaintiff agreed to be the exclusive provider of disposable medical supplies and other supplies to Defendants in return for Defendants' agreement to exclusively purchase said goods from Plaintiff for a term of 3 years ("Agreement"). *Id.* at ¶ 32. Defendant Skyline Healthcare, LLC entered into the Agreement "on behalf of itself and the facilities" listed in the exhibit to the Agreement referred to as the "Covered Facilities."[1] *Id.* at ¶ 33. In paragraph 8 of the Agreement, the Defendants warranted

---

[1] Skyline's Covered Entities include Defendants Searcy Holdings, LLC D/B/A Searcy Health and Rehab; Lonoke Healthcare Center and Rehabilitation Facility, LLC D/B/A Grand Prairie Care and Rehabilitation; Spring Place Healthcare & Rehabilitation Center, LLC; Highlands of Little Rock West Markham, LLC D/B/A Highlands of Little Rock at Midtown Therapy and Living Center; Broadway Health Holdings, LLC D/B/A Broadway Health and Rehabilitation and D/B/A Broadway Holdings, LLC; Laurel Brook Healthcare & Rehabilitation Center, LLC; Dierks Healthcare & Rehabilitation Center, LLC; Highlands of Little Rock South Cumberland Holdings, LLC D/B/A Highlands of Little Rock at Cumberland Therapy and Living Center; Highlands of Mountain View SNF Holdings, LLC D/B/A Highlands of Mountain View Therapy and Living Center; Magnolia Health Holdings, LLC D/B/A Magnolia Health and Rehab and D/B/A Magnolia Holdings, LLC; White Hall Holdings, LLC D/B/A

that they have unqualified legal authority to bind Skyline Healthcare, LLC and the Covered Facilities to the terms of the Agreement. *Id.*

Defendants admit that on page 4 of the Agreement Defendant Joseph Schwartz signed and agreed to personally guarantee "the prompt full and complete payment of all unpaid, past due invoices and any other liabilities relating, or arising out of" the Agreement. *Id*. at ¶ 42. Plaintiff alleges that Schwartz, the sole member of Skyline Healthcare, personally guaranteed all debts owed to Twin Med pursuant to the Agreement.

Plaintiff alleges that the Defendants breached the Agreement by failing to pay for the goods provided and by purchasing medical supplies from other suppliers. Plaintiff also alleges that Schwartz breached his personal guarantee, pierced the corporate veil, and committed fraud. In the alternative, Plaintiff seeks an account stated and unjust enrichment from all Defendants. Plaintiff moves the Court for summary judgment of Counts I through IV. Plaintiff does not seek summary judgment as to its fraud claim against Schwarz in Count VI or piercing the corporate veil in Count V. The Court has subject matter jurisdiction over the case and personal jurisdiction over the parties.

II.     Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874

---

White Hall Health and Rehab; LinRock Health Care & Rehabilitation Center, LLC; Batesville Holdings, LLC D/B/A Batesville Health and Rehab; Heritage of Hot Springs Holdings, LLC D/B/A Heritage of Hot Springs and D/B/A Hot Springs Holdings, LLC; Mine Creek Holdings, LLC D/B/A Mine Creek Health and Rehab; Jonesboro Holdings, LLC D/B/A Jonesboro Health and Rehab; Madison Health & Rehab, LLC; Highlands of Fort Smith Holdings, LLC D/B/A Highlands of Fort Smith Therapy and Living Center; Highlands of Stamps Holdings, LLC D/B/A Highlands of Stamps Therapy and Living Center; Highlands of Stamps, LLC D/B/A Highlands of Stamps Therapy and Living Center; Highlands of Rogers Dixieland Holdings, LLC D/B/A Highlands of Northwest Arkansas Therapy and Living Center; Creekside Health Holdings, LLCD/B/A Creekside Health and Rehab and D/B/A Creekside Holdings, LLC; Lindley Healthcare and Rehabilitation Center, LLC D/B/A Lindley Healthcare and Rehabilitation Center; and Crown Point Healthcare & Rehabilitation Center, LLC (the "Entity Defendants"). (ECF No. 116-2 at p. 5).

(8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, [to] point out to the District Court, that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted) brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248. Rule 56(c)(3) states that the Court need only consider the materials cited by the parties in the motion or response to the motion.

III. <u>Analysis</u>

In support of the claim for breach of contract, Plaintiff has provided the affidavit of Steve

Rechnitz, Executive Chairman of Twin Med, LLC. (Rechnitz Aff., ECF No. 89-1 p. 1). Rechnitz confirms Plaintiff's allegation that Joseph Schwartz authorized and directed Sam Rosenbaum to execute the Agreement on behalf of the Defendants. *Id.* at 1-2. According to Rechnitz, Rosenbaum held himself out as an agent of Joseph Schwartz and Defendants in the negotiations and execution of the Agreement. *Id.* As a result, Plaintiff provided Defendants with medical supplies for use in the covered facilities in late 2016 or early 2017. *Id.* Because of Plaintiff's concern about the Defendants' ability to pay for the goods provided, the Agreement provided that Schwartz would personally guarantee payment. *Id.* Schwartz signed a personal guarantee. *Id.* at 2. Rechnitz states that Plaintiff provided medical supplies to Defendants from May of 2017 to January of 2019. *Id.* at 2-3. Plaintiff provided timely invoices for the products to Defendants and there were no objections to the invoices. *Id.* at 3. The time for payment of the invoices has lapsed and the unpaid balance is $5,066,227.24 plus interest. *Id.*

Plaintiff has provided the affidavit of Sam Rosenbaum. Rosenbaum confirms that he is a former employee of Defendant Skyline and was authorized by Schwartz to sign the Agreement. (Rosenbaum Aff., ECF No. 89-2, p. 1). He states that after Defendant Skyline became delinquent on payment of Plaintiff's invoices Plaintiff refused to provide products to Defendants until Schwartz signed a personal guarantee of payment as contemplated in the Agreement. *Id.* at 1-2. Rosenbaum states that he explained Plaintiff's request to Schwartz and Schwartz executed the personal guarantee in Rosenbaum's presence. *Id.* at 2.

In response, the Defendants provided the affidavit of Joseph Schwartz. Schwartz states that Rosenbaum was not authorized to act on his personal behalf in negotiations with Plaintiff. (Schwartz Aff. ECF No. 133-1, p.1). He does not contest that Rosenbaum was authorized to act on behalf of Skyline when negotiating with Plaintiff. He makes no statement with regard to the

guarantee. He does not deny that he executed the personal guarantee. He does not deny that Plaintiff provided products to the Defendants. He does not claim that all payments were made to Plaintiff for the products it provided. Schwartz's statements that he was not involved in the day-to-day operations of Defendants and that he turned over the operations to a third party are not material to the question of breach under these circumstances.

Defendants have failed to provide proof that there is a genuine issue of material fact as to Plaintiff's breach of contract or breach of guarantee claims. Schwartz's declaration that Rosenbaum lacked authority to sign on Skyline's behalf is not enough to create a question of fact when Defendants have admitted in the Answer that Skyline entered into the Agreement. Further, Schwartz and the Defendants admitted that Schwartz signed and agreed to the guarantee. (Answer, ECF No. 132 at ¶¶ 42, 56). "[A] properly supported motion for summary judgment is not defeated by self-serving affidavits." *Conolly v. Clark*, 457 F.3d 872, 876 (8th Cir. 2006) (citing *Davidson & Assocs. v. Jung*, 422 F.3d 630, 638 (8th Cir. 2005) ("A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor.")).  Any lack of memory on Schwartz's part "does not, alone, create a genuine dispute of material fact." *Doe by next friend Rothert v. Chapman*, 30 F.4th 766 (8th Cir. 2022) (citing *To v. U.S. Bancorp*, 651 F.3d 888, 892 n.2, 893 (8th Cir. 2011) ("An assertion that a party does not recall an event does not itself create a question of material fact about whether the event did, in fact, occur .... lack of memory does not create a genuine factual dispute.")).

Although Defendants argue that Plaintiff has not provided adequate records to prove damages, there is no evidence that the invoices provided are incorrect. Rechnitz states that the records are correct and that the amount due is correctly stated.

5

IV.  Conclusion

Accordingly, Plaintiff's motion for summary judgment (ECF No. 89) is GRANTED as to Counts I and II. Defendants breached the Agreement by failing to pay for the products provided by Plaintiff pursuant to the Agreement in the amount of $5,066,227.24 and Schwartz breached his personal guarantee of payment under the Agreement in the same amount. Because the Court has found that Defendants breached the Agreement, the claims for account stated in Count III and unjust enrichment in Count IV are dismissed. Plaintiff has not moved the Court for summary judgment of the fraud claim or piercing the corporate veil against Schwartz.

IT IS SO ORDERED  this 27th day of April, 2022.

_____
James M. Moody Jr.
United States District Judge