**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

TWIN MED, LLC                                                                                    PLAINTIFF

V.                                              4:19CV415 JM

SKYLINE HEALTHCARE, LLC, et al,                                                  DEFENDANTS

## ORDER

In the Motion for Attorneys' Fees and Costs and Interest, Twin Med seeks $142,893.20 in

attorneys' fees, $2,274.62 in costs pursuant to 28 U.S.C.A. §1920, prejudgment interest at the rate

specified in the Agreement, and post-judgment interest at the governing federal rate. Defendants

argue that the request for attorneys' fees is excessive and unreasonable. Defendants contend that

Defendant Schwartz is not personally liable for prejudgment interest or attorneys' fees pursuant to

Section 1717 of the Civil Code of the State of California.

I.       Choice of Laws

Paragraph 5 of the Agreement states that the prevailing party in an action to enforce the

Agreement is entitled to actual attorney's fees and costs. (ECF NO. 89-2 p.5) Defendants argue

that California law should govern the attorneys' fees issue because the Agreement is governed by

California law. The Eighth Circuit has explained the law on this issue:

> As a federal court sitting in diversity, we apply state law governing the award of attorney's
> fees, but to determine which state's law to apply, we look to the conflict-of-law principles
> of Arkansas, the forum state. Under its conflict-of-law principles, Arkansas courts apply
> another state's law only when the issue before the court is substantive rather than
> procedural. And Arkansas treats the issue of attorney's fees as a procedural matter governed
> by the laws of the State of Arkansas.

*Randy Kinder Excavating, Inc. v. JA Manning Constr. Co., Inc.*, 8 F.4th 724, 727–28 (8th Cir. 2021) (internal citations omitted). Accordingly, Arkansas law applies to the issue of attorneys' fees in this case.

II.    Attorneys' Fees

a.    Reasonableness

The Agreement expressly provides that attorneys' fees are recoverable. The provision is binding without regard to which state law applies. However, the Court will look to Arkansas law to determine the appropriate amount of fees to award. Arkansas courts are guided by the *Chrisco* factors in awarding attorney's fees. *Chrisco v. Sun Indus., Inc.*, 800 S.W.2d 717, 718–19 (Ark. 1990). Those eight factors are:

> (1) the experience and ability of counsel; (2) the time and labor required to perform the legal service properly; (3) the amount involved in the case and the results obtained; (4) the novelty and difficulty of the issues involved; (5) the fee customarily charged in the locality for similar services; (6) whether the fee is fixed or contingent; (7) the time limitations imposed upon the client or by the circumstances; and (8) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

*G & K Servs. Co. v. Bill's Super Foods, Inc.*, 766 F.3d 797, 801 (8th Cir. 2014).

Ms. Baker and Mr. Donovan, both members of the Rose Law Firm, were the lead attorneys for Twin Med throughout the case. Mr. Donovan has been a practicing lawyer for thirty-nine (39) years and Ms. Baker has been practicing with the Rose Firm for twelve (12) years. Both are skilled attorneys and highly regarded in the Little Rock community. Mr. Abramson also appeared on behalf of Twin Med. He has been practicing law in California for thirty (30) years and has extensive experience in commercial contract and collection actions.

There is no doubt that the case was time-consuming for the attorneys on both sides. The case was complicated by the fact that many limited liability companies were involved, there were

jurisdictional issues, and Mr. Schwartz was under criminal indictment during the litigation. The case involved an amount in controversy over five million dollars which was ultimately awarded to Twin Med. Twin Med's attorneys charged fixed fees in amounts customarily charged by attorneys of their caliber in their respective localities. After consideration of the *Chrisco* factors and review of the billing records, the Court finds that the attorneys' fees requested in the amount of $142,893.20 are reasonable and appropriate.

b.   Schwartz's Liability for Attorneys' Fees

Defendants argue that Schwartz is not liable for attorneys' fees because the guarantee which he signed does not specifically authorize attorneys' fees. Defendants contend that the guarantee is governed by California law which only awards attorneys' fees in contract disputes when they are expressly provided in the contract. Therefore, they argue Schwartz is not liable for the fees.

The Court finds that attorneys' fees are expressly awarded under the guarantee because the guarantee is part of the Agreement. Further, Schwartz agreed to "personally guarantee the prompt, full and complete payment of all unpaid, past due invoices, and *any other liabilities relating to, or arising out of, this Agreement*." (ECF No. 89-2). The Court finds that the attorneys' fees requested by Twin Med are liabilities arising out of the Agreement. Schwartz is liable for the fees.

III.    Costs

There has been no objection by the Defendants to the costs requested by Twin Med. The Court finds that the costs requested are authorized by 28 U.S.C. § 1920. Twin Med is awarded $2,274.62 for costs. As a separate defendant, Schwartz is also liable for the costs.

IV.    Pre-Judgment Interest

Under both Arkansas and California law, prejudgment interest is recoverable in contract

actions at the rate specified in the contract. The parties agree that Section 2.2 of the Agreement provides for a delinquency fee equal to twelve percent (12%) annually (compounded monthly) of any past due balance. (ECF No. 89-2 p. 2). Again, Defendants argue that Schwartz is not liable for prejudgment interest because the guarantee does not specifically provide for it. As stated, the guarantee is a part of the Agreement. The Agreement provides a 12% fee on a past due balance and Schwarz, as a guarantor of the Agreement, is liable for the fee.

Defendants breached the Agreement by failing to pay invoices in the principal amount of $5,066,277.24. The invoices were due, at the latest, by January, 2019. A balance is delinquent under the Agreement if not paid within ninety (90) days. The invoices were due by May 1, 2019, ninety (90) days after January 31, 2019. Pre-judgment interest will be calculated from May 2, 2019 to the date of Judgment.

V.      Post-Judgment Interest

In diversity cases, post-judgment interest is mandatory and federal district courts must apply 28 U.S.C. § 1961 to calculate the rate of post-judgment interest. 28 U.S.C. § 1961(a) (providing that post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court"); *see also Hillside Enters. v. Carlisle Corp.*, 69 F.3d 1410, 1416 (8th Cir. 1995). "The phrase 'any money judgment' in section 1961(a) is construed as including a judgment awarding attorneys' fees." *Jenkins by Agyei v. Missouri*, 931 F.2d 1273, 1275 (8th Cir. 1991). Post-judgment interest is "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." 28 U.S.C. § 1961(a). The federal post-judgment interest rate for civil judgments entered this week is 3.28%. Post-

judgment interest at a rate of 3.28% on the total judgment, including pre-judgment interest and attorneys' fees, will accrue from the date of Judgment.

VI.    Conclusion

Twin Med's Motion for Attorneys' Fees (ECF No. 173) is GRANTED.

IT IS SO ORDERED this 18th day of August, 2022.

_____
James M. Moody Jr.
United States District Judge